**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**BILLY MACK NICHOLS, JR.
ADC #92713**                                                                                          **PLAINTIFF**

**V.                           CASE NO. 5:16-CV-28-DPM-BD**

**JONES, et al.**                                                                                     **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.**    **Discussion:**

Mr. Nichols, an Arkansas Department of Correction inmate, filed this lawsuit pro se under 42 U.S.C. § 1983.  (Docket entry #2)  He asked to proceed *in forma pauperis*

(IFP), but because of his litigation history, he is not eligible for IFP status in federal court unless he shows that he is in imminent danger of serious physical injury.[1]

In his original complaint filed on January 29, 2016, Mr. Nichols alleged that he had been denied adequate medical care in October of 2015. (#2) The allegations fell short of indicating that Mr. Nichols was in imminent danger; thus, the Court denied the IFP application and ordered Mr. Nichols to pay the filing fee within thirty days. (#4)

Since filing his original complaint, Mr. Nichols has moved to amend his complaint to add additional claims and parties. (#5) With the exception of the first pages of the amended complaint and the supplemental complaint attached to that motion, the papers are identical to papers he filed in another of his pending lawsuits. See *Nichols v. Peppers-Davis*, E.D. Ark. Case No. 5:14cv448 BSM (docket entries #56, #58-1, #77). Thus, the Court denied the motion to amend. (#9)

Mr. Nichols has now moved for the Court to reconsider its order to deny his motion to amend. (#13) In the motion, Mr. Nichols argues that he has recently discovered medical records that prove he is in imminent danger of serious physical injury. According to Mr. Nichols, these documents show that, in February of 2016, Dr. Butler noted that Mr. Nichols continued to suffer from "muscle/tissue damage of the plantar fasciitis"; on January 7, 2016, Nurse Butler noted that Mr. Nichols had a "small raised

---

[1] See *Nichols v. Harrelson, et al.*, 4:99CV00388-SWW; *Nichols v. Simpson, et al.*, 4:99CV00743-GTE; *Nichols v. Sallings, et al.* 4:99CV00785-HW; *Nichols v. Harrelson, et al.*, 4:00CV00106-JMM.

area to the left side of his foot"; and on January 24, 2016, Nurse Yarbro noted that Mr. Nichols had "swelling and redness" on his foot. (#13)  Assuming these allegations to be true, none of the recently filed motions or attached papers change the Court's conclusion that Mr. Nichols is not currently in imminent danger of serious physical harm.[2]

### III.   Conclusion:

Because Mr. Nichols has not complied with the Court's February 11, 2016 Order to submit the $400 statutory filing fee, the Court recommends that his claims be DISMISSED, without prejudice.  His motion for reconsideration (#13) should be DENIED.

IT IS SO ORDERED, this 14th day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Mr. Nichols's medical history was recently discussed in detail in a Recommended Disposition revoking Mr. Nichols's IFP status in *Nichols v. Peppers-Davis*, E.D. Ark. Case No. 5:14cv448 (Feb. 18, 2016).  In that case, the Court concluded that Mr. Nichols was not in imminent danger "either at the time he initiated [that] action or any time thereafter." (#129)  Here, Mr. Nichols has failed to establish that there has been any material change in his physical well-being since that time.